1  **BROOKE WEITZMAN** SBN 301037
   **WILLIAM WISE** SBN 109468
2  **ELDER LAW AND DISABILITY**
   **RIGHTS CENTER**
3  1535 E 17th Street
   Santa Ana, California 92705
4  t. 714-617–5353
   e. bweitzman@eldrcenter.org
5  e. bwise@eldrcenter.org

6  **CAROL A. SOBEL  SBN 84483**
   **LAW OFFICE OF CAROL SOBEL**
7  **CAROL A. SOBEL** SBN 84483
   1158 26th Street, #552
8  Santa Monica, California 90403
   t. 310-393-3055
9  e. carolsobellaw@gmail.com

10 **PAUL L. HOFFMAN** SBN 71244
   **SCHONBRUN, SEPLOW, HARRIS**
11   **& HOFFMAN**
   9415 Culver Boulevard, #115
12 Culver City, California 90230
   t. 310-396-0731
13 e. hoffpaul@aol.com

14 Attorneys for Plaintiffs

JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SHAWN CARROLL, et al., | CASE NO. 8:19-cv-00614-DOC-DFM |
| Plaintiffs, | **ORDER GRANTING FINAL APPROVAL OF CLASS CERTIFICATION AND AWARD OF ATTORNEY FEES** |
| v. | |
| ORANGE COUNTY, et al., | Date:  November 21, 2022 |
| Defendants. | Time:  8:30 a.m. |
| | Ctrm:  10A (Hon. David O. Carter) |
| | Action filed: April 1, 2019 |

Before the Court is Plaintiffs Motion for Final Approval of Certification of a Settlement Class pursuant to Federal Rules of Civil Procedure Rules 23(b)(2) and 23(b)(3). The motion is made pursuant to the Court's Order granting preliminary approval to the class certification and settlement and setting a Fairness Hearing for November 21, 2022 at 8:30 a.m. in Courtroom 10A of the United States District Court for the Central District of California, Southern Division.

In support of the motion, Plaintiffs filed a Memorandum of Points and Authorities, together with declarations and exhibits to support their arguments. After considering the motion and all supporting documents, and after conducting the Fairness Hearing, the Court now **GRANTS** the motion for Final Approval of the class settlement and awards fees to the Plaintiffs' counsel in accord with the Settlement Agreement previously filed with the Court. Dkt. 29.

The Named Plaintiffs Representatives in this action are Shawn Carroll, Lakota Anell and Mark Juhl, all persons who were experiencing homelessness and former residents of the Santa Ana riverbed encampment that was the subject of *Orange County Catholic Worker v. Orange County, et al.*, Case No. 18-cv-00155 DOC-KES. Each of their claims arose from Defendants' policy that denied or terminated General Relief benefits based on an erroneous calculation of income offsets.

**I.   The Settlement is Approved as Fair, Reasonable and Adequate under Federal Rule of Civil Procedure 23(e)(2)**

The Court's Order incorporates by reference the definitions in the Settlement Agreement, a copy of which was attached to the Preliminary Approval Motion. Dkt. 29. All terms defined therein shall have the same meaning in this Order.

A Fairness Hearing was held on November 21, 2022, to consider the fairness, reasonableness, and adequacy of the Settlement under Federal Rule of Civil Procedure 23(e)(2), including the application by Class Counsel for attorneys' fees and expenses.

The Settlement Agreement is hereby **approved**. The Court finds that the class settlement fund of and its proposed allocation, as well as the other provisions contained within the Settlement Agreement, are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole, and that the terms of the Settlement Agreement otherwise satisfy Federal Rule of Civil Procedure 23(e) and due process requirements.

The revised regulations for determining eligibility for General Relief provide complete relief to the members of the Injunctive Relief class pursuant to Fed. Rules of Civil Procedure Rule 23(b)(2).

Class counsel invested substantial time, effort, and resources into litigating this matter. The settlement agreement was negotiated at arm's length. The settlement represents an excellent outcome to class members. All class members are treated equally under the settlement agreement. There are no incentive awards to the class representatives, no pro rata distribution of the class funds and no residual distribution of unclaimed funds.

## II. Notice & Results of the Claims Process

The Class Counsel has performed all tasks required of it, including establishing a website and call-in numbers, posting the relevant materials to the website, working with Defendants' counsel for mailing class notices, conducting outreach to locations and service providers for potential class members, and following up on all queries about class participation. The processing of claims was done by the Defendants.

Due and adequate notice of the proceedings having been given to the Class, and a full opportunity has been offered to the Class to participate in this hearing. As generally required by the Courts, the Defendants and Class Counsel directed notice using mail, outreach to service providers, in-person meetings, creation and maintenance of a website and direct social media contacts, to all persons identified as potential Class Members. The notice given to the Class Members was fully in compliance with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

The parties distributed notices to more than 6,000 individuals to ensure that all possible claimants were contacted. There was a total of 920 unique claimants of which 100 were deemed qualified class members.

There was one exclusion request for reasons unrelated to the Settlement. There were no objections.

The counsel or Plaintiffs and Defendants shall preserve all written communications from Class Members in response to the Class for at least three years or pursuant to further order of the Court. All written communications received by the Claims Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Counsel for the Parties. The Class Administrator will prepare a list of all rejected claims, including the reasons for rejection, and maintain the list in a case file.

**III. Late Claims**

The Court **approves** two late claims that were submitted since September 23, 2022. By agreement, the Parties may agree to approve any additional late claims received up to the time of distribution, without the need for further stipulation or review by the Court. Should the Parties disagree as to the approval of a claim, they shall advise the Court.

**IV. Objections**

The sole objection was submitted by an individual who stated that they were objecting only because they were not an eligible class member because they had not received/sought General Relief benefits. The objection is unrelated to the terms of the Settlement so no further action is necessary to address the objection.

**V. Payment of the Class Fund, Attorneys' Fees, and Distribution to the Class**

1. The Court **approves** total litigation costs of $450, which the filing fee for this action paid by Plaintiffs' Counsel. There are no costs of administration.

2. The Court **approves** a fee award of $150,000, which is independent of the settlement fund and equivalent to 60% of the lodestar. This award is justified by the

fact that Plaintiffs' attorneys achieved significant results for the class and undertook the risk of litigation. Plaintiffs' Counsel filed documentation of their fees totaling $252,527.50. Declaration of Sobel at ¶19 and Exhibits 9 and 10 thereto. The lodestar was based on time incurred by the following attorneys, law graduates and law students, at the rates set forth here: Carol Sobel (44 years' experience) at $1150 an hour; Brooke Weitzman (8 years' experience) at $650 an hour; Weston Rowland (1 year of experience) at $330 an hour; Weston Rowland (law graduate) at $300 an hour, Allison Greenberg (2022 law graduate) at $300 an hour; Jacob Berezin (law graduate) at $300 an hour, Sarah Dawley (law graduate at $300 an hour), Sarah Dawley (1 year of experience) at $330 an hour, and Allyson Myers (law student) at $175 an hour. Plaintiffs provided specific time records and fee awards to support the reasonableness of their rates and hours. The Court finds that the rates sought and the time incurred are reasonable and, on that basis, approves the lodestar. The lodestar is reduced to $150,000 in accord with the Settlement Agreement.

    3. The Court **approves** a distribution model whereby each valid claimant shall receive the full amount of General Relief funds denied or terminated during the applicable time period, without aid pending appeal, subject to any offsets for allowable other income.

    4. It is hereby determined that all Fed. Rules of Civil Procedure 23(b)(3) Class Members are bound by this Final Approval Order, there being no timely opt-outs filed.

    5. This Order's issuance date constitutes the effective date of settlement. This date also constitutes the final judgment in this case. This lawsuit is therefore **dismissed, with prejudice**, and without fees or costs to any party, except as otherwise expressly provided by this Order.

    6. Each and every Class Member hereby unconditionally, fully, and finally releases and forever discharges Defendants, their agents, servants, officers, officials, and/or employees, from further claims for damages that arise out of the allegations raised by Plaintiffs in the complaint or any amended complaint in the lawsuit.

7. If for any reason the settlement contemplated by the Settlement Agreement does not become effective (whether as a result of further judicial review or otherwise), this Court's final judgment and order of dismissal, including but not limited to the release of claims previously ordered, shall be rendered null and void and vacated *nunc pro tunc*; the Parties will revert to the positions they occupied prior to the execution of the Settlement Agreement; and all proceedings in connection with the settlement shall be without prejudice to the status quo ante rights of the Parties to the lawsuit. In such event, the Parties expressly do not waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

8. The Court retains jurisdiction to enforce the Settlement Agreement's terms, although no Party anticipates that there should be any issue regarding implementation of the Settlement Agreement.

9. From the date of this Order forward, each Party shall bear its own costs, including attorneys' fees.

**IT IS SO ORDERED.**

Dated:  February 10, 2023  .    *David O. Carter*   .
UNITED STATES DISTRICT JUDGE


Lodged by:

LAW OFFICE OF CAROL A. SOBEL

_____/s/   Carol A. Sobel_____
By: CAROL A. SOBEL
Attorneys for Plaintiffs